

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WARWICK PLAYER | § | |
| Plaintiff, | § § § | |
| VS. | § § | NO. 3-04-CV-1918-K |
| OFFICER LESLIE REESE, ET AL. | § § § | |
| Defendants. | § § | |

### MEMORANDUM ORDER

Plaintiff Warwick Player, an inmate in the TDCJ-ID, has filed a motion for appointment of counsel in this *pro se* prisoner civil rights action brought under 42 U.S.C. § 1983. For the reasons stated herein, the motion is denied.

A district court has statutory authority to appoint counsel to represent an indigent person in the prosecution or defense of any suit. *See* 28 U.S.C. § 1915(e)(1).[1] However, a plaintiff is not entitled to court-appointed counsel as a matter of law. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Jackson v. Dallas Police Department*, 811 F.2d 260, 261 (5th Cir. 1986). The standard is exceptional circumstances. *Jackson*, 811 F.2d at 261; *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). The court must consider: (1) the type and complexity of the case; (2) whether the indigent plaintiff can adequately present the case; (3) whether the plaintiff can adequately investigate the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill

---

[1] This statute provides that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).

in the presentation of evidence and cross-examination. *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

Although civil rights actions are "more complex than many other cases," that fact alone does not warrant the appointment of counsel. *Jackson*, 811 F.2d at 262. The court still must determine whether exceptional circumstances exist. *Id., citing Branch*, 686 F.2d at 266. Plaintiff has failed to meet this burden at this stage of the litigation. There is no reason why he cannot adequately research and investigate the case on his own. Presumably, plaintiff has access to the prison law library and can conduct written discovery. His pleadings and written submissions reflect at least an average understanding of court rules and procedures. Plaintiff is able to articulate his claims so the court can understand them. Those factors do not compel the appointment of an attorney to represent plaintiff.

The court is presently unable to ascertain whether the evidence in this case will consist of conflicting testimony so as to require skill in the presentation of evidence and cross-examination. Plaintiff may reurge his motion for appointment of counsel if he survives dismissal after the court rules on dispositive motions.

SO ORDERED.

DATED: June 9, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE